UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL WILLIAMSON, JR.,

                Plaintiff,

- *against* -

STATE OF NEW YORK, et. al.,

                Defendants.

04 Civ. 9595 (SCR)(LMS)

REPORT AND
RECOMMENDATION

**TO: THE HONORABLE STEPHEN C. ROBINSON, U.S. DISTRICT JUDGE**

Pro Se Plaintiff Paul Williamson ("Plaintiff") brings this prisoner civil rights action against the State of New York ("the State"), Division of Health Care Services ("HCS"), Lester N. Wright, M.D. ("Dr. Wright"), Mervat Makram, M.D. ("Dr. Makram"), Denise F. Boyd, ("Boyd"), and Raymond J. Cunningham ("Cunningham") (collectively "Defendants") under, inter alia § 1983, the Americans with Disabilities Act, ("ADA") and the Rehabilitation Act ("Rehab. Act."), as well as New York Human Rights Law. Plaintiff claims that he was diagnosed with chronic hepatitis A and B in 1984 and Hepatitis C in 1997. However, Plaintiff claims that Defendants deliberately withheld these diagnoses from him, and that as a result of Defendants' deliberate acts, he did not learn of his condition until December 11, 2003.[1] Plaintiff

---

[1] The pleadings are inconsistent with respect to the date Plaintiff first learned that he had hepatitis. In the Second and Sixth Causes of Action of the Complaint, as well as in Plaintiff's "Traverse" at ¶ 6, Plaintiff states that he first learned that he had hepatitis on December 11, 2003, when Dr. Lancellotti, a physician providing medical treatment at Woodbourne Correctional Facility, asked Plaintiff what he had decided to do about his hepatitis condition. Complaint at ¶¶ 22, 26. However, in the fact section of the Complaint, Plaintiff alleges that he first learned of his illness on July 15, 2003, when he was served with an affidavit prepared by Dr. Mekram, dated July 11, 2003. Complaint at ¶ 29. Dr. Mekram prepared the July 11, 2003 affidavit in opposition

1

further alleges that by allowing his condition to go untreated for approximately 20 years, Defendants were deliberately indifferent to his serious medical needs, and that he was also discriminated against due his "myriad of medical ailments," which he contends are disabilities within the meaning of the ADA and the Rehab. Act. Complaint at ¶ 28.

On April 25, 2005, Plaintiff filed this Letter Motion for Judgment on the Pleadings ("Plaintiff's Letter Motion"), pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), or alternatively, for Summary Judgment pursuant to Fed. R. Civ. P. 56 ("Rule 56"). Plaintiff requests that the Court enter judgment in his favor with respect to liability and to only allow the issue of damages to be tried. On May 6, 2005, Defendants filed a Letter Motion in Opposition ("Defendants' Opposition") requesting that the Court deny Plaintiff's Letter Motion on the grounds that a Rule 12(c) motion can only be made by a defendant. Alternatively, Defendants argue that Plaintiff's request for summary judgment should be denied as it is premature, because Defendants are entitled to discovery before being required to oppose a motion for summary judgment.

**I.    DISCUSSION**

    **A.    <u>Plaintiff's Motion Judgment on the Pleadings Pursuant to Rule 12(c)</u>**

In deciding a Rule 12(c) motion, courts should apply the same standard applied to motions to dismiss pursuant to Rule 12(b)(6). <u>Sheppard v. Beerman</u>, 18 F.3d 147, 150 (2d Cir. 1994) (citations omitted). Therefore, the court must accept all of the allegations contained in the complaint as true, drawing all reasonable inferences in favor of the non-moving party. <u>Id.</u> The

---

to a previous, unrelated, lawsuit Plaintiff filed in New York State Court of Claims regarding a hip injury. Complaint at ¶ 17. For purposes of this Report and Recommendation, I referred to the December 11, 2003, date above <u>supra</u> as it is the date that Plaintiff refers to in his actual claims in the Complaint.

court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him [or her] to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-45 (1957) (internal quotations omitted)). Judgment on the pleadings is only appropriate if, "from the pleadings, the moving party is entitled to judgment as a matter of law." Burns Int'l Security v. Int'l Union, 47 F.3d 14, 16 (2d Cir. 1995) (citing Fed.R.Civ.P. 12(c); George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix. Corp., 554 F.2d 551, 553 n.2 (1977)).

Plaintiff argues that he is entitled to judgment on the pleadings because a trial with respect to Defendants' liability would be "purely academic." Plaintiff's Letter Motion at 2. Since Defendants are the non-moving party, under the Rule 12(c) standard, they are entitled to any reasonable inferences to be drawn in their favor.[2] A review of the pleadings shows that genuine issues of fact do exist and that Plaintiff is therefore not entitled to judgment as a matter of law under Rule 12(c). For example, Plaintiff contends that he did not learn that he had hepatitis until December 11, 2003, and that Defendants deliberately withheld this information from him even though he was diagnosed with hepatitis A and B in 1984, and hepatitis C in 1997. On the other hand, Defendant Dr. Makram directly disputes Plaintiff's claim in a sworn affidavit

---

[2]Defendants incorrectly argue that plaintiffs may not move for judgment on the pleadings under Rule 12(c). Because a Rule 12(c) Motion is governed by the same standard applied to Rule 12(b)(6) motions, which are only made by defendants, Defendants conclude that only defendants can make Rule 12(c) motions as well. Defendants' reasoning misses the mark as the statute clearly states that "[a]fter the pleadings are closed but within such time as not to delay the trial, *any party* may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added). Plaintiffs are not prohibited from moving under Rule 12(c), and may be granted judgment on the pleadings if they establish that there are no material issues of fact to be resolved at trial, entitling them to judgment as a matter of law. See U.S. v. Lankford, No. 98-CV-407, 1998 WL 651350, at *1 (N.D.N.Y. 1998) (plaintiff moved for judgment on the pleadings under Rule 12(c), which was granted as Defendant failed to file required physician's statement).

3

dated January 8, 2004, which is attached to the Complaint at Exhibit 10. See Lankford, 1998 WL 641350, at *1 ("The [c]omplaint is deemed to include any document annexed to it as an exhibit."). Dr. Makram states that there "is no doubt in [her] mind that the inmate-claimant [Plaintiff] was completely aware of his hepatitis A, B, and C status and condition . . . [f]or him to claim otherwise is completely untrue." Complaint, Exhibit 10 at ¶ 5.

At the very least, a genuine issue of material fact exists with respect to Plaintiff's main claim in this lawsuit – that Defendants purposefully failed to inform him he had hepatitis, causing his condition to go untreated for almost twenty years while he was incarcerated. Therefore, I conclude, and I respectfully recommend that Your Honor should conclude, that Plaintiff's Letter Motion for Judgment on the Pleadings under Rule 12(c) should be denied.

### B. Plaintiff's Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986). "Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion." Local Civ. R. 56.1(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). A trial judge may, therefore, grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250. The inquiry performed is the threshold inquiry of determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact. Id.

Where a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56. Under Local Rule 56.1(b), "the papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). Summary judgment may be granted only "[i]f after discovery, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.' " Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex, 477 U.S. at 323) (alteration in original). "The nonmoving party must have 'had the opportunity to discover information that is essential to his [or her] opposition' to the motion for summary judgment." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir.1989) (quoting Anderson, 477 U.S. at 250 n. 5). Moreover, a court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in its favor." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002); Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir. 1998); see also

5

Anderson, 477 U.S. at 261 n.2. Thus, "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (quoting H.L. Hayden Co. of New York, Inc. v. Siemans Med. Sys. Inc., 879 F.2d 1005, 1011 (2d Cir. 1989)).

Plaintiff vaguely claims that he is entitled to summary judgment because his "moving papers sufficiently demonstrates a *prima facie* claim." Plaintiff's Letter Motion at 1. In their Opposition, Defendants rely on Fed. R. Civ. P. 56(f) ("Rule 56 ") to argue that Plaintiff's summary judgment motion is premature because no discovery has been exchanged by the parties. To be granted additional time in which to conduct discovery, Rule 56(f) requires the non-moving party to submit an affidavit explaining: "1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful." Burlington Coat Factory v. Esprit, 769 F.2d 919, 927 (2d Cir. 1985). Requesting additional time for discovery under Rule 56(f) in a memorandum opposing summary judgment is not an adequate substitute for a Rule 56(f) affidavit. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) (citing Burlington, at 769 F.2d at 926). The failure to file an affidavit under Rule 56(f) is sufficient grounds to deny a request for additional time for discovery. Paddington, 34 F.3d at 1137. However, whether or not to grant a request for additional discovery under Rule 56(f) is a matter for this Court's discretion. U.S. Fidelity and Guaranty Co. v. Frosty Bites, 325 F.Supp.2d 390, 399 (S.D.N.Y. 2004) (vacated in part and modified on reconsideration on other grounds). Even if a Rule 56(f) affidavit does not "precisely conform to the Sage Realty requirements, it is

6

preferable to err on the side of permitting further discovery, especially if the proceedings are still in a preliminary stage." Id.

Moreover, Rule 56(f) has been interpreted to require courts to defer deciding a motion for summary judgment where the non-moving party " 'reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion . . . .' " Miller v. Wolpoff, 321 F.3d 292, 303 (2d Cir. 2003) (citations omitted). The Second Circuit has held that summary judgment should only be granted if "*after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Miller, 321 F.3d at 303 (citing Hellstrom v. U.S. Dept. of Veteran Affairs, 201 F.3d 97, 97 (2d Cir. 2000) (internal quotation marks omitted) (alterations in original). " 'Only in the rarest of cases may summary judgment be grated against a plaintiff who has not ben afforded the opportunity to conduct discovery.' " Miller, 321 F.3d at 303-304 (citations omitted). Therefore, " . . . summary judgment should be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition." Anderson v. Liberty Lobby, 477 U.S. 242, 250 n.5 (1986).

Here, Defendants concede that they deliberately did not provide the Court with a Rule 56(f) affidavit, stating that "it is not clear, at this point, whether Your Honor will treat plaintiff's motion as one for summary judgment." Defendants' Opposition at 2, n.3. Defendants' Opposition demonstrates that they are aware that a reference to Rule 56(f) and the need for additional discovery in a memorandum in opposition, in place of a Rule 56(f) affidavit, is not sufficient. Id. However, Defendants vaguely outline their request in their Letter in Opposition anyway, and do not even comply with the four prongs that are required to be present in a Rule

7

56(f) affidavit. Defendants also fail to demonstrate why they are apparently unable to provide more detailed information regarding their attempts to obtain discovery.

Despite Defendants' negligent disregard for proper procedure, it would be untimely to consider a motion for summary judgment at this early stage in the lawsuit, when the discovery process has not even begun. Further, it has not been demonstrated that Defendants have delayed or hindered discovery prior to making their request. On the contrary, Defendants indicate in their Letter in Opposition that they have "recently served upon plaintiff their first set of discovery demands as well as a HIPPA form for plaintiff to execute in order for defendants to obtain plaintiff's medical records." Defendants' Opposition at 2. See Burlington, 769 F.2d at 927 ("Claims of a need for more discovery by a party who has diligently used the time available . . . should be given more favorable consideration than claims by one who has allowed months to pass unused.").

In any event, Defendants should not be required to oppose Plaintiff's Rule 56 Motion as Plaintiff has not presented a sufficient case in support of his Motion for Summary Judgment. It is the responsibility of the moving party to initially show the district court the basis for its motion, demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Plaintiff's Letter Motion is nothing more than a vague and conclusory document that states there is no "room for doubt, speculation or controversy" regarding Defendants' liability. Plaintiff's Letter Motion at 1. Plaintiff does not identify any material facts to which it claims there is no genuine issue to be tried,[3] and therefore does not provide a basis for this Court to

---

[3] In addition, Plaintiff does not comply with Local Rule 56.1 by attaching to its summary judgment motion a "separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."

require Defendants to satisfy the requirements of Rule 56(e) in opposing Plaintiff's motion.

At this early stage in the case, it is premature for this Court to entertain a Rule 56 motion. Moreover, Plaintiff's motion does not state a sufficient case for summary judgment. Therefore, I conclude, and I respectfully recommend that Your Honor should conclude, that Plaintiff is not entitled to judgment as a matter of law, and that his Motion for Summary Judgment should be denied in its entirety.

## VII. <u>CONCLUSION</u>

For the reasons set forth above, I conclude, and I respectfully recommend that Your Honor should conclude, that Plaintiff's Letter Motion should be denied it its entirety.

---

Local Civ. R. 56.1(a). Failure to submit this statement in compliance with the rule, alone, is grounds to deny Plaintiff's motion. <u>Id.</u>

## VIII. NOTICE

Pursuant to 28 U.S.C. 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: May 13, 2005
White Plains, New York

Respectfully Submitted,

LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Stephen C. Robinson